
Carole M. Bosch, Esq., CA State Bar No. 239790
 *Admitted Pro Hac Vice*
Anthony S. Petru, Esq., CA State Bar No. 91399
HILDEBRAND, McLEOD & NELSON, LLP
Westlake Building
350 Frank H. Ogawa Plaza, Fourth Floor
Oakland, CA 94612-2006
TEL:   (510) 451-6732
FAX:   (510) 465-7023

Attorneys for Plaintiff
DAREN M. RHODES

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA - TUCSON

| | |
|---|---|
| DAREN M. RHODES, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (Federal Tort Claims Act) |
| UNITED STATES OF AMERICA | |
| Defendants. | |

Plaintiff DAREN M. RHODES, by this Complaint, complains of Defendant UNITED STATES OF AMERICA, and alleges as follows:

**JURISDICTION AND VENUE**

**1.**   Jurisdiction in this matter is proper as it involves the UNITED STATES OF AMERICA as a defendant for its negligence in causing a railroad crossing collision.  28 USC §§ 1346, 2679(d).

**2.**   The claims herein are brought under the Federal Tort Claims Act, "FTCA," 28 U.S.C. §§ 2671 *et seq.*, and 28 U.S.C. § 1346(b), for money damages as compensation for personal injuries caused by Defendant UNITED STATES OF AMERICA's ("Defendant") negligence.

**3.** Venue is proper because Mr. Rhodes resides in this judicial district, in Tucson, Arizona. 28 USC § 1402(b).

## TIMELY FILING – 
## COMPLIANCE WITH THE FEDERAL TORTS CLAIM ACT

**4.** This Court has jurisdiction for claims against Defendant UNITED STATES OF AMERICA (hereinafter "Defendant" because all conditions precedent under the Federal Tort Claims Act have been satisfied. Plaintiff DAREN RHODES (hereinafter "Mr. Rhodes" or "Plaintiff") has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA. Standard Form 95 is attached hereto as **Exhibit 1**.

**5.** This suit has been timely filed, in that Mr. Rhodes presented to Defendant his administrative claim on March 1, 2017, within two years after his claim accrued. 28 U.S.C. § 2401.

**6.** Mr. Rhodes is now filing this Complaint pursuant to 28 U.S.C. § 2675(a) following Defendant's failure to make a final disposition of his claim. To date, the government has not ruled on the claim.

## PARTIES

**7.** The Defendant is the UNITED STATES OF AMERICA. At all relevant times, the individuals who drove and operated a certain tanker-truck of jet fuel and other vehicles in the convoy involved in the Crossing collision, were Marines from the United States Marine Corps (hereinafter "USMC") and, thereby, employees and/or agents of Defendant UNITED STATES OF AMERICA (collectively referred to as "Defendant"). The negligent acts and/or omissions alleged herein occurred during the course and scope of the Marines' employment with Defendant.

**8.** At all relevant times, Mr. Rhodes was a resident of Tucson, Arizona, and was employed by Union Pacific Railroad Company (hereinafter "UPRR") as a freight train locomotive engineer.

## FACTUAL ALLEGATIONS

**9.** On April 6, 2015, Mr. Rhodes was working inside the cab of locomotive

1  unit UP 2529 on a freight train traveling westbound on the main line track next to Interstate
2  8, around Mile Marker "MM" 61 or railroad milepost 802, near the Stoval siding, in Yuma
3  County, Arizona.

4  **10.** That at that time and place, a convoy of USMC vehicles, including a tanker
5  of jet fuel, was approaching a railroad grade crossing ("Crossing") from a dirt road north of
6  the railroad tracks and raising a dust cloud.

7  **11.** Despite the approaching train, which was sounding its horn from
8  approximately a quarter mile ahead of the Crossing, the driver of the jet fuel tanker failed to
9  stop or yield at the Crossing and proceeded in front of the oncoming train. The driver
10 caused the tanker to collide with the oncoming train, resulting in a fiery explosion. The
11 locomotive engine became engulfed by fire and black smoke that quickly infiltrated the
12 locomotive cab where Mr. Rhodes was working, and fuel poured in from under the front
13 bulkhead door.

14 **12.** During the violent impact of the collision, Mr. Rhodes became wedged
15 between his seat and the engineer's control console, was stuck and could not move, and had
16 to be pried out by the conductor, who assisted him in evacuating the burning locomotive.

17 **13.** As a result of the collision, Mr. Rhodes suffered smoke inhalation; lower
18 back herniated disc; neck pain; bruised ribs; and Post Traumatic Stress Disorder, ("PTSD").

19
20 **FIRST CAUSE OF ACTION**
**Negligence**

21 **14.** Mr. Rhodes re-alleges and incorporates the allegations contained in
22 Paragraphs 1 through 13 hereinabove, as if fully set forth herein.

23 **15.** Defendant was under a common law duty or obligation to exercise
24 reasonable care for the safety of others, acting as a reasonable and prudent person would
25 act while driving a vehicle, and that given the conditions and vehicle/train traffic existing at
26 the Crossing at the time of the accident, to realize and anticipate reasonable risks of harm to
27 a person in Mr. Rhodes's position.

28 **16.** Defendant breached its duty when its driver negligently drove a highly

flammable tanker of jet fuel over the Crossing in front of the approaching train on which Mr. Rhodes was working, without having the driver first stop to look, listen, and yield to the approaching train.  Furthermore, Defendant drove its vehicles on a dirt road without taking measures to control the dust raised by the vehicles, thereby causing a dust cloud.

**17.**  As a proximate and legal cause of Defendant's negligence, a train/vehicle collision occurred at the Crossing and Mr. Rhodes sustained personal injuries as described-above; and, pain and suffering and severe shock to his nervous system and person.

**18.**  That by reason of the carelessness and negligence of Defendant, as aforesaid, and the injuries Defendant caused to Mr. Rhodes, he was forced to and did incur indebtedness for the services of duly licensed physicians and surgeons, for x-rays, medicines, appliances, hospitalization, and household care in a sum as yet unascertainable; and that when said amounts are ascertained, Mr. Rhodes will pray leave of court to insert said sums as the reasonable value of said services and hospitalization.

**19.**  That at the time of happening of this accident, Mr. Rhodes was a strong and able-bodied man, capable of earning and earning a livelihood every month, and that as a result of the injuries sustained, Mr. Rhodes was unable to perform his regular duties since the date of said accident; and that Mr. Rhodes suffered and will continue to suffer for an indefinite time in the future damages to his earning capacity and ability, all to his damage in a sum as yet unascertainable, and that when said sum is ascertained, Mr. Rhodes will ask leave of court to insert said sum as the reasonable value of his loss of services.

**20.**  Defendant's acts and/or omissions as set forth above would constitute a tort claim under the law of the State of Arizona, because Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1), (". . . the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

WHEREFORE, Mr. Rhodes prays for judgment against Defendant UNITED STATES OF AMERICA as hereinbelow set forth.

///

///

## SECOND CAUSE OF ACTION
**Negligence:  Violation of A.R.S. § 28-851, "Railroad crossing; safety"**

Mr. Rhodes complains of Defendant UNITED STATES OF AMERICA for a Second Cause of Action and alleges:

**21.**  Mr. Rhodes incorporates by reference all preceding Paragraphs Nos. 1-20, as if fully set forth herein.

**22.**  At all relevant times, Defendant was required to comply with Arizona Revised Statutes ("A.R.S.") § 28-851, which mandates that when a person driving a vehicle approaches a railroad grade crossing, the driver shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad, and may not proceed if a train approaching within approximately one thousand five hundred feet of the crossing emits a signal audible from such a distance and the train is an immediate hazard by reason of its speed or proximity to the crossing, and/or if an approaching train is plainly visible and is in hazardous proximity to the crossing, and/or if any other condition exists that makes it unsafe to proceed through the crossing.

**23.**  At all relevant times, Defendant violated A.R.S. § 28-851 when its driver of the tanker-truck loaded with jet fuel negligently failed to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad Crossing, and proceeded to traverse the Crossing despite a conspicuously approaching train; that the train was within approximately fifteen hundred feet (1,500 ft.) of the Crossing and was emitting an audible signal from such a distance, indicating that the train was approaching and, thus, an immediate hazard because of its speed or proximity to the Crossing.

**24.**  As a proximate and legal cause of Defendant's violation of A.R.S. § 28-851, the train/vehicle collision occurred, and Mr. Rhodes sustained personal injuries and damages as described-above.

**25.**  Defendant's acts and/or omissions render it liable pursuant to 28 U.S.C. § 1346(b)(1), ("the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred.").

WHEREFORE, Mr. Rhodes prays for judgment against Defendant UNITED STATES OF AMERICA as hereinbelow set forth.

## THIRD CAUSE OF ACTION
### Negligence:  Violation of A.R.S. § 28-853,
### "Railroad grade crossing; stop required of certain vehicles"

Mr. Rhodes complains of Defendant UNITED STATES OF AMERICA for a Third Cause of Action and alleges:

**26.**  Mr. Rhodes incorporates by reference all preceding Paragraphs Nos. 1-25, as if fully set forth herein.

**27.**  At all relevant times, Defendant was required to comply with A.R.S. § 28-853 which mandates that, before crossing at grade any track or tracks of a railroad, the driver of a motor vehicle carrying flammable liquids as cargo shall stop the vehicle within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad and, while stopped, listen and look in both directions along the track for an approaching train and for signals indicating the approach of a train, and shall not proceed until the driver can do so safely; and, after stopping and proceeding when it is safe to do so, the driver of the vehicle shall cross only in a gear of the vehicle for which there is no need to change gears while traversing the crossing and shall not shift gears while crossing the track or tracks.

**28.**  At all relevant times, Defendant violated A.R.S. § 28-853 when its driver of the tanker-truck carrying flammable jet fuel as cargo failed to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad Crossing, failed to listen for signals indicating the approach of a train, and failed to look in the direction of the westbound approaching train as he proceeded to traverse the Crossing even though he could not do so safely because of the approaching train and the sounding of its horn. Furthermore, as the tanker-truck traversed the Crossing, it appeared to pull up, rock back, stop, and lurch forward as if shifting gears.

**29.**  As a proximate and legal cause of Defendant's violation of A.R.S. § 28-

853, the train/vehicle collision occurred, and Mr. Rhodes sustained personal injuries and damages as described-above.

**30.** Defendant's acts and/or omissions render it liable pursuant to 28 U.S.C. § 1346(b)(1), ("the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

WHEREFORE, Mr. Rhodes prays for judgment against Defendant UNITED STATES OF AMERICA as hereinbelow set forth.

## FOURTH CAUSE OF ACTION
**Negligence:  Violation of A.R.S. § 28-693, "Reckless driving"**

Mr. Rhodes complains of Defendant UNITED STATES OF AMERICA for a Fourth Cause of Action and alleges:

**34.** Mr. Rhodes incorporates by reference all preceding Paragraphs Nos. 1-30, as if fully set forth herein.

**35.** At all relevant times, Defendant violated A.R.S. § 28-693 which provides that a person who drives a vehicle in reckless disregard for the safety of persons or property is guilty of reckless driving.

**36.** At all relevant times, Defendant's driver drove the tanker-truck carrying flammable jet fuel as cargo in reckless disregard for the safety of someone in Mr. Rhodes' position when the driver failed to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of the railroad Crossing, failed to listen for signals indicating the approach and proximity of a train, and failed to look in the direction of the westbound approaching train as he proceeded to traverse the Crossing even though he could not do so safely because of the approaching train and the sounding of its horn.  Furthermore, while proceeding over the Crossing under the aforesaid conditions, the tanker-truck slowed down.

**37.** As a proximate and legal cause of Defendant's violation of A.R.S. § 28-693, the train/vehicle collision occurred, and Mr. Rhodes sustained personal injuries and damages as described-above.

**38.** Defendant's acts and/or omissions render it liable pursuant to 28 U.S.C. § 1346(b)(1), ("the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

**39.** WHEREFORE, Mr. Rhodes prays for judgment against Defendant UNITED STATES OF AMERICA as hereinbelow set forth.

## FIFTH CAUSE OF ACTION
### Negligent Hiring, Training and Supervision

Mr. Rhodes complains of Defendant UNITED STATES OF AMERICA for a Fifth Cause of Action and alleges:

**40.** Mr. Rhodes incorporates by reference all preceding Paragraphs Nos. 1-39, as if fully set forth herein.

**41.** Defendant's driver who negligently drove a tanker-truck loaded with jet fuel through the Crossing, was incompetent and unfit to perform the work for which he was hired. Further, Defendant failed to properly train and/or supervise said driver in the performance of his duties.

**42.** Defendant knew or should have known that its driver who drove the tanker-truck loaded with jet fuel through a railroad crossing when it was unsafe to do so, was incompetent and unfit to perform said duty, and that this unfitness and incompetence created a particular risk to others.

**43.** As a result of Defendant's driver's unfitness and incompetence, Mr. Rhodes suffered and continues to suffer personal injuries and damages as described-above.

**44.** The unfitness, incompetence, and lack of proper training and supervision were a substantial factor in causing Mr. Rhodes' harm and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Rhodes prays for judgment against Defendant UNITED STATES OF AMERICA as follows:

A. For general damages in an amount according to proof;

1  B.  For special damages in an amount according to proof;
2  C.  For costs of suit incurred herein;
3  D.  For post judgment interest as allowed by law; and,
4  E.  For such other and further relief as the Court deems proper.
5  DATED: September 5, 2018

HILDEBRAND, McLEOD & NELSON, LLP


By  /s/ *Carole M. Bosch*
     CAROLE M. BOSCH
       *Admitted Pro Hac Vice*
     Attorneys for Plaintiff
     DAREN M. RHODES